Filed 4/21/23 Boghossian v. Nationstar Mortgage CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| RAZMIK BOGHOSSIAN,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>Defendant and Respondent. | B319390<br><br>Los Angeles County<br>Super. Ct. No. 19GDCV01163 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Joel L. Lofton, Judge. Affirmed.

Rodriguez Law Group and Patricia Rodriguez for Plaintiff and Appellant.

Troutman Pepper Hamilton Sanders, Justin D. Balser and Katalina Baumann for Defendant and Respondent.

————————————

Razmik Boghossian appeals from a judgment of dismissal entered after the trial court granted Nationstar Mortgage LLC's motion for summary judgment. Because Boghossian failed to provide a proper brief or record, we affirm.

Boghossian filed suit against Nationstar alleging violation of Civil Code section 2924.11 and the Unfair Competition Law, Bus. & Prof. Code sections 17200 et seq. Boghossian alleged Nationstar violated the Homeowner's Bill of Rights by engaging in "dual-tracking," meaning the loan servicer pursued foreclosure while Boghossian was seeking a loan modification. Boghossian alleged he submitted a complete loan modification application on July 12, 2019. Thus, he alleged, Nationstar's recording of a notice of trustee's sale on the same day violated Civil Code section 2924.11. He further alleged these actions constituted unlawful and unfair practices under the Unfair Competition Law.

Nationstar moved for summary judgment. It argued the evidence showed Nationstar recorded the notice of trustee's sale at 8:00 a.m. on July 12, 2019 and that Boghossian submitted his loan modification application materials no earlier than 2:45 p.m. that day. Nationstar also argued the legislature repealed the version of Civil Code section 2924.11 on which Boghossian relied effective January 1, 2019, and the proper Civil Code section was 2923.6. With respect to the Unfair Competition Law claim, Nationstar argued Boghossian had provided no evidence of damages to money or property as the trustee's sale had not taken place and Boghossian therefore had no standing to bring an Unfair Competition Law claim. Nationstar also argued because the Homeowner's Bill of Rights claim failed, there was no evidence of an unlawful or unfair business practice.

2

The trial court granted the motion in a thorough minute order.  The trial court held Nationstar was correct that the legislature had repealed the version of section 2924.11 on which Boghossian relied, and the relevant Civil Code provision on dual-tracking was section 2923.6.  The trial court found Boghossian had submitted no evidence that Nationstar did not comply with that provision.  The trial court similarly found Boghossian based his Unfair Competition Law claim on his claims under the Homeowner's Bill of Rights, and it thus fell with those claims.

Boghossian appeals.

We presume a judgment is correct.  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.)  Thus, an appellant bears the burden of affirmatively demonstrating error.  (*Id* at 609.)  Part of this obligation is the duty to provide an adequate record to allow the court to review the claims of error.  (*Ibid*.)  Where the record is insufficient for this purpose, we affirm the judgment.  (*Ibid*.)

An appellant's opening brief must contain a summary of all relevant facts.  (*In re Marriage of Davenport* (2011) 194 Cal.App.4th 1507, 1531; Cal. Rules of Court, rule 8.204(a)(2)(C).)  The brief must then provide cogent legal argument with relevant cites to legal authority and the record.  (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286-287 (*City of Santa Maria*) [cogent argument supported by legal analysis and citation to the record necessary to demonstrate error]; Cal. Rules of Court, rule 8.204(a)(1)(B) & (C).)  Failure to provide supported argument forfeits the issue.  (*City of Santa Maria*, *supra*, 211 Cal.App.4th at p. 287.)

Boghossian's presentation violated these rules.  He appeals from a grant of summary judgment.  Our review is independent and requires us to undertake the same evaluation as the trial

court:  summary judgment is proper if all of the papers show there is no triable issue as to any material fact.  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843.)  In making this determination, we must consider all of the evidence and all of the inferences reasonably drawn from it.  (*Ibid*.)  Boghossian failed to identify the correct standard of review, equating it with, "in essence," an abuse of discretion standard.  He failed to include the evidence submitted by the parties in connection with their summary judgment briefing.  We are unable to complete the review required in the summary judgment context of all of the evidence and therefore assume the trial court decided correctly.  (*Henderson Bros. Stores, Inc. v. Smiley* (1981) 120 Cal.App.3d 903, 920, fn. 10)

Boghossian's opening brief is also deficient.  His statement of the facts fails to include significant facts, largely ignoring Nationstar's evidence.  (Cal. Rules of Court, rule 8.204(a)(2)(C).)  Although he asserts the trial court erred in dismissing his claims, he does not identify how the trial court erred.  He fails to argue there was a material triable issue of fact and does not identify any such issue.  (*Id*. at rule 8.204(a)(1)(B).)  We do not devise arguments on a party's behalf.  (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.)  Boghossian includes no cites to the record in his argument.  (Cal. Rules of Court, rule 8.204(a)(1)(C).)  He cites case law, but not in support of a cogent argument why the trial court erred in granting summary judgment.  He continues to cite and argue about a version of Civil Code section 2924.11, which the trial court informed him was repealed.

Boghossian's reply brief repeats the arguments in his opening brief, word for word, without a response to Nationstar's arguments.

These failures forfeit an attack on this summary judgment. (*Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99.)

## DISPOSITION

We affirm the judgment and award costs to Nationstar.



WILEY, J.


We concur:



GRIMES, Acting P. J.



VIRAMONTES, J.

5